# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

EDWARD MICHAEL CZUPRYNSKI,

        Defendant-Appellant.

FOR PUBLICATION
August 2, 2018

No. 336883
Bay Circuit Court
LC No. 16-010157-FH

Before: METER, P.J., and GADOLA and TUKEL, JJ.

METER, P.J. (*concurring in part and dissenting in part*).

I concur in all aspects of the majority opinion aside from the analysis and conclusion concerning the effect of the trial court's supplemental jury instruction regarding causation. Because I believe that the jury instructions as a whole fairly presented the issues to be tried and sufficiently protected defendant's rights, see *People v Aldrich*, 246 Mich App 101, 124; 631 NW2d 67 (2001), I would affirm defendant's conviction.

MCL 257.601d(2), the statute under which defendant was convicted, states:

> A person who commits a moving violation while operating a vehicle upon a highway or other place open to the general public, including, but not limited to, an area designed for the parking of motor vehicles, that causes serious impairment of a body function to another person is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.

The statute requires a punishable violation to involve a moving violation that causes a serious impairment of a body function to another person. The trial court, following M Crim JI 15.19, instructed the jury as follows with regard to MCL 257.601d(2):

> The defendant is also charged with the crime of committing a moving violation causing serious impairment of a body function. *To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt: First, that the defendant committed one or more of the following moving violations*: Failing to proceed through a flashing yellow signal with caution or failing to observe an authorized speed or traffic control sign, signal, or device;

-1-

*second, that the defendant's operation of the vehicle caused a serious impairment of a body function to James Scott Stivenson.* Again, to cause such injury, the defendant's operation of a vehicle must have been a factual cause of the injury. That is, but for the defendant's operation of the vehicle, the injury would not have occurred. In addition, operation of the vehicle must have been a proximate cause of the injury, that is, the injury must have been a direct and natural result of operating the vehicle. [Emphasis added.]

To the extent these instructions allowed the jury to convict defendant if they found that he committed a moving violation and then also found that his operation of the vehicle, *aside from the moving violation*, caused the serious impairment of a body function, this error was adequately rectified when the trial court reinstructed the jurors. After the start of deliberations, the jury posed the following question: "Would [a] moving violation be a criminal offense in all cases[?] What makes this criminal[?]" The court replied:

> You have another question for us: Would a moving violation be a criminal offense in all cases? What makes this criminal? *When a moving violation causes a serious impairment of a body function, seems to answer your question.*

> I would redirect you back to Criminal Jury Instruction 15.19, which is the full instruction on Count 2, which includes in particular, after defining the two moving violations, what -- what constitutes that element of the charge. So, *in response to your questions seems to me [sic], a moving violation that is committed that causes a serious impairment of a body function.* [Emphasis added.]

We review jury instructions "*in their entirety* to determine if error requiring reversal occurred." *Aldrich*, 246 Mich App at 124 (emphasis added). "The instructions must not be extracted piecemeal to establish error." *Id.* (quotation marks and citations omitted). By way of its supplemental instruction, the court properly informed the jury that to convict defendant, it needed to find that the moving violation caused a serious impairment of a body function. While it is true that the court referred the jurors back to its initial instruction on Count II, the court *clarified and added to* this initial instruction by explicitly stating, two times in the course of its short reply, that the answer to the jurors' question was that a criminal offense involves a moving violation that causes a serious impairment of a body function. The initial, poorly-worded instruction indicated that a conviction would require that defendant's operation of the vehicle caused the injury, and the court, by way of its response, clarified that this "operation" must have consisted of the moving violation. I do not view this situation as one involving a court's having given two conflicting instructions and ordering the jury to follow both. Instead, I view it as a situation in which the court defined and clarified an element of the crime as previously set forth. In other words, the court, in essence, explained that the "operation" of the vehicle as discussed in M Crim JI 15.19 refers to the moving violation. The instructions could have been worded in a more straightforward fashion, but, in my opinion, they "fairly presented the issues to be tried and sufficient protected . . . defendant's rights." *Aldrich*, 246 Mich App at 124.

-2-

I would affirm.

/s/ Patrick M. Meter